## Jackman *et al. versus* Delafield *et al.*

Where full power is given by a testator to his executors to sell the residue of his real estate for the purpose of distributing the proceeds among the objects of his bounty, this power belongs to them *virtute officii*, and may be exercised by an administrator with the will annexed, under the provisions of the Act of February 24th 1834.

November 1st 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ

Error to the Court of Common Pleas, No. 2, of *Allegheny county :* Of October and November Term 1877, No. 193.

Ejectment by Maturin L. Delafield and Mary, his wife, in right of said wife, Maturin L. Delafield, trustee under the will of James Ross, Jr., and Annie R. Aspinwall, against Andrew Jackman and others, for a lot of ground in the city of Pittsburgh, which H. B. Wilkins, administrator *de bonis non testamento annexo* of James Ross, Sr., deceased, sold and conveyed to Andrew Jackman, by deed dated May 9th 1872.

James Ross, Sr., who died November 27th 1847, by his last will, probated December 1st 1847, devised his residuary estate as follows, to wit : " I do hereby devise and bequeath unto my executors hereinafter named, all the rest and residue of my estate, real and personal, whatsoever and wheresoever, with full power and authority to take possession thereof, to institute suit for the recovery of the same, to compound and compromise all disputes, settle all differences, and execute all necessary releases ; to lease the real estate not hereinbefore specifically devised, according to their discretion ; to sell and convey the said real estate in such manner as they shall think proper, either at public or private sale," &c.

The testator appointed as executors of his will, his son James Ross, Jr., and Dr. William Addison. James Ross, Jr., died November 12th 1851. Dr. Addison renounced his executorship February 19th 1853.

On the 12th day of May 1864, letters of administration *de bonis non cum testamento annexo*, upon the estate of said James Ross, Sr., were duly granted by the register of said county, and issued to H. B. Wilkins, Esq., who, as above stated, conveyed the lot of ground in dispute to Andrew Jackman, one of the defendants, and through whom the other defendants claimed title.

The said lot of ground was part of the residuary estate of the said James Ross, Sr., devised as aforesaid to his executors, with power to sell and convey the same. By his said will, James Ross, Sr., directed his executor to distribute his residuary estate between his son James Ross, Jr., and his granddaughters, Annie R. Aspinwall, Harriet Coleman, and Mary Jane Coleman, the son to receive the one-half, and the granddaughters the other half. Mary Jane Coleman died in the lifetime of James Ross, Sr., and by the terms of his will, her share in his estate went to her sisters, the said Annie

[Jackman *v.* Delafield.]

R. Aspinwall (one of the plaintiffs) and Harriet Coleman. Harriet Coleman intermarried with Eugene Livingston, and is now dead. Mary C. Delafield, one of the plaintiffs, is her only surviving child.

James Ross, Jr., died in the year 1851, and by his will devised his residuary estate to William Addison, Charles Bradford, and H. B. Wilkins, in trust, with power to sell. Shortly before the commencement of this ejectment, the Orphans' Court of Allegheny county, at the instance of the plaintiffs, discharged Mr. Wilkins (who was the sole remaining trustee under the will of James Ross Jr.), and appointed Maturin L. Delafield such trustee, and he is one of the plaintiffs in this case.

The plaintiffs claimed that the power of sale under the will of James Ross, Sr., deceased, could not be exercised by H. B. Wilkins, the administrator *de bonis non cum testamento annexo* of said decedent, and therefore that his deed to Andrew Jackman conveyed no title.

The cause was tried before Kirkpatrick, J., who instructed the jury to find a verdict for the plaintiffs, subject to the opinion of the court upon the question of law arising upon the plaintiffs' second point, to wit: Whether the deed in evidence from H. B. Wilkins, administrator *de bonis non cum testamento annexo* of James Ross, Sr., to Andrew Jackman, one of the defendants, and through whom the other defendants claimed title, did or did not convey title to the land in dispute.

The jury found a verdict for the plaintiffs, and subsequently the court (without filing any opinion) entered judgment for the plaintiffs upon the question of law reserved.

This was the error assigned by defendants, who took this writ.

*M. W. Acheson* and *Fetterman & Johnston*, for plaintiffs in error.—The Act of 12th of March 1800, Purd. Dig. 417, pl. 64, 66, is conclusive of the power of an administrator *de bonis non cum testamento annexo* to exercise all the powers to sell real estate which the testator conferred on his executors who have died, refused or renounced, " as fully and completely " as such deceased, refusing or renouncing executors might have done. The duties and the powers of the executors of James Ross, Sr., in respect to the sale of the land in controversy, were official by virtue of their office, and devolved upon the administrator with the will annexed : Meredith's Estate, 1 Parsons 433 ; Keefer *v.* Schwartz, 11 Wright 503 ; Evans *v.* Chew, 21 P. F. Smith 47 ; Lantz *v.* Boyer, 31 Id. 325.

*D. T. Watson, Hill Burgwin* and *Malcolm Hay*, for defendants in error.—The Act of 1800 was supplied by the Act of February 24th 1834, Pamph. L. 70, Purd. Dig. 419, pl. 74. Under both acts

the decisions are in unison in establishing the doctrine that the intention of the legislature was confined to powers given to executors as such *virtute officii*, and did not extend to a power of sale collateral to or unconnected with their duty as executors: Evans *v.* Chew, 21 P. F. Smith 50; Ross *v.* Barclay, 6 Harris 180; Waters *v.* Margerum, 10 P. F. Smith 44.

An administrator *de bonis non*, with the will annexed, may execute a power to sell, in order to bring the land into distribution, but not to execute a trust for a collateral purpose; the statute places him on the footing of a surviving executor, but not on that of a testamentary trustee: Ross *v.* Barclay, *supra;* Waters *v.* Margerum, *supra;* Evans *v.* Chew, *supra;* Lantz *v.* Boyer, *supra.*

Mr. Justice STERRETT delivered the opinion of the court, November 12th 1877.

The plaintiffs in error based their defence in the court below on the deed of H. Brady Wilkins, Esq., administrator *de bonis non cum testamento annexo* of James Ross, Sr., deceased. They contended that the power of sale given by the testator to his executors, was rightly exercised by the administrator, with the will annexed, and that by his deed a good title became vested in Andrew Jackman, the vendee. The court was accordingly requested to charge the jury that their verdict should be for the defendants. This instruction was refused by the learned judge, and a verdict was directed *pro forma*, in favor of the plaintiffs, subject to the opinion of the court in banc, on the question of law raised by their second point, viz.: whether the deed in evidence did or did not convey title to the lot in controversy. This question was decided adversely to the defendants, and judgment was entered on the verdict against them. This action of the court forms the subject of complaint in the several assignments of error. The only question presented is the authority of the administrator *de bonis non* to execute the power of sale given by the testator to his executors. If it was intended to be exercised by them as executors by virtue of their office, on their decease, resignation or removal, it would devolve on the administrator with the will annexed. Whether the power was to be exercised by them as executors, or otherwise, must be determined by the provisions of the will.

After devising portions of his real estate, and making sundry bequests, the testator devised and bequeathed to his executors all the rest and residue of his estate, real and personal, with full power and authority to take possession thereof; to institute suits for the recovery of the same; to compound and compromise all disputes; "to sell and convey the said real estate in such manner as they shall think proper, either at public or private sale," and "to receive the purchase-money and give acquittances for the same." He then directed his executors "to pay or transfer the one equal half part

[Jackman *v.* Delafield.]

of the same rest and residue" of his real and personal estate to his son James absolutely, and directed the remaining one-half part to be equally divided among his three granddaughters.   It is very clear that full power was thus given by the testator to his executors to sell the residue of his real estate for the purpose of distributing the proceeds thereof, in connection with the residue of his personal estate, among the objects of his bounty.   Nor is this authority restricted or in any manner affected by the creation of the trusts in favor of his granddaughters.   It has been definitely settled by this court that where such power of sale is given by will to the executors therein named, it belongs to them *virtute officii*, and may be exercised by the administrators with the will annexed, under the provisions of the Act of February 24th 1834: Evans *v.* Chew, 21 P. F. Smith 51; Lantz *v.* Boyer, 31 Id. 325.   The question before us has been distinctly ruled in these cases, and it is unnecessary for us to repeat what is there so well said by our brother SHARSWOOD.

> The judgment is reversed, and judgment is now entered in favor of the defendants below, on the question of law reserved, *non obstante veredicto.*